### In re O'NEIL'S ESTATE.

*(Surrogate's Court, New York County. October 5, 1889.)*

1. WITNESS—PRIVILEGED COMMUNICATIONS.
   Under Code Civil Proc. N. Y. § 835, prohibiting attorneys from testifying as to communications by clients in the course of business, an attorney cannot testify as to any act or word of his client on the subject of his will or its execution.
2. SAME—COMMUNICATIONS TO PHYSICIAN.
   The same rule applies to an attending physician, but he can testify as to the declarations of the testator as to making a will, and his advice on that subject.[1]

Application for the probate of the will of James O'Neil, deceased.
*John Hardy*, for proponent.

RANSOM, S. The contest in this proceeding cannot be sustained upon the evidence lawfully before the court. The testimony of the attorney who drew the paper propounded is largely incompetent. Any act or word of the testator to his attorney, on the subject of his will or its execution, I hold to be improperly proved by the attorney himself. Communications from client to attorney, necessary for the business in hand, are inadmissible. Section 835, Code Civil Proc. Such communications may be the acts of the client as well as words spoken by him. Practically, all that a man may say to an attorney who is employed by him to draw his will and to superintend its execution, upon that subject, and all he may say to anybody else in the attorney's presence and hearing at the time, cannot be lawfully disclosed by the attorney. The only exception is when the attorney is a subscribing witness to the will. The same rule, precisely, governs the attending physician. An inspection of the record of the testimony in this case will show that much of the evidence of the doctor is admissible, because it proves facts not necessary for him to know to enable him to prescribe for his patient. For example, the declarations of the testator as to making a will, and the doctor's advice to him on that subject. Under this rule, which is exactly stated, as will be seen by the letter and spirit of the statute itself, and under the authority of numerous cases decided by this court and by courts of appellate jurisdiction, I have disregarded very much of the testimony of the attorney and of the doctor. I find also in the testimony submitted some evidence by the contestants themselves, and on behalf of the proponent, which is incompetent, and is not therefore considered by me, it being violative of the express provisions of section 829, Id. I refer in this connection especially to the testimony of Mrs. Swan and Peter O'Neil, contestants, and to Mrs. Cahill, one of the beneficiaries under the will, a witness for the proponent. The qualifications of witnesses in all cases, whether they be those referred to in sections 834 and 835, or 829, of the Code of Civil Procedure, ought by this time, it seems to me, to be well understood by bench and bar, considering repeated decisions by our own general term and by the court of appeals construing those sections. The statute requires the surrogate to satisfy himself that the paper propounded is the last will and testament of a competent decedent, that is, a person competent to make a will; that it was lawfully executed by him; and that it was his voluntary act, without restraint or fraud. The contestants here seem to have abandoned their

---

[1] Concerning the competency of physicians to testify with regard to communications from their patients, see Jones v. Railroad Co., 3 N. Y. Supp. 253, and note; In re Darragh's Estate, 5 N. Y. Supp. 58.

case after the closing of the evidence, as their attorney neglected to avail himself of leave granted to submit a brief. The paper propounded is admitted to probate.